Katherine M. Windler
State Bar No. 158899
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 260-1405

Eric S. Prezant
Illinois Bar No. 06239611
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

and

John C. Leininger
Texas Bar No. 24007544
Bryan Cave LLP
JP Morgan Chase Tower
Suite 3300
2200 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100

Proposed Attorneys for Table 8, LLC

FILED & ENTERED

OCT 07 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-32934-BR |
| | § | |
| TABLE 8, LLC, d/b/a 8 oz. BURGER BAR, | § | Chapter 11 |
| | § | |
| Debtor. | § | **FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL** |
| | § | |
| | § | Date: October 5, 2009 |
| | § | Time: 2:00 p.m. |
| | § | Courtroom: 1668 |

At Los Angeles, California, on October 5, 2009, the Court conducted a second preliminary hearing on the Debtor's Emergency Motion to Use Cash Collateral ("Motion").

A group consisting of Metro United Bank ("Metro Bank"), Global Swift Funding, Ron Rivlin, Sam Englebrant, and the Internal Revenue Service (the "Alleged Secured Creditors") assert that they each individually hold validly attached and properly perfected liens on the Debtor's assets, including cash. The Debtor contests such assertion. Such issue is not being decided by this Order.

At the conclusion of the First Preliminary Hearing conducted on September 2, 2009, the Court ordered that any party opposed to the Debtor's request for authority to use alleged cash collateral file an objection to such request no later than September 29, 2009. No objections were filed to the Debtor's request by such deadline.

The Court has determined that the Debtor has a continuing need to use cash which may be Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code), and absent such use the Debtor will suffer immediate and irreparable injury. Specifically, absent authority to use cash, the Debtor will not be able to meet payroll, will not be able to pay operating costs, and will not be able to continue as a going-concern. Alleged Secured Lenders are adequately protected for the use of any Cash Collateral by the terms of this Order. Such use of cash will allow the Debtor to continue as a going-concern, thereby preserving the going-concern value of the Debtor, which in turn benefits the Alleged Secured Lenders.

Accordingly, it is hereby ORDERED as follows:

1. The Debtor is hereby authorized to use cash which may be Cash Collateral necessary to operate the Debtor's business to maintain and preserve the going concern value of its assets.

2. The Alleged Secured Lenders are hereby granted replacement liens on all the Debtor's assets, with the exceptions and provisos set out below (the "Replacement Liens"), to the extent that the value of the Alleged Secured Lenders' collateral, on an aggregate basis, diminishes as a result of the use of Cash Collateral authorized by the Court. Such Replacement Liens shall be deemed attached and perfected by this Order without further action or filings being required.

2

FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

3. The Replacement Liens will not prime any validly attached and properly perfected lien or security interest held by a third-party on specific property of the Debtor as of the petition date.

4. The Replacement Liens will not attach to actions of the Debtor arising pursuant to chapter 5 of the Bankruptcy Code, or the proceeds of the recovery upon such actions.

5. Except for post-petition cash generated from operations, the Replacement Liens will not attach to any unencumbered property of the Debtor.

6. The Alleged Secured Lenders' Replacement Liens shall attach to all bank accounts of the Debtor, except as provided in paragraph 5 above. The Alleged Secured Lenders' lien on any prepetition cash in such accounts shall not be affected by the deposit and commingling of post-petition operating cash in such account, even if such post-petition operating cash is later determined by order to be unencumbered. The Alleged Secured Lenders' prepetition cash collateral in such accounts shall be deemed to be "last out" of such accounts, except to the extent that any expense of the Debtor is surcharged by the Court against such prepetition cash, pursuant to Bankruptcy Code section 506(c).

7. The Replacement Liens will attach only to the extent that cash used by the Debtor is ultimately determined by the Court to be Cash Collateral of the Alleged Secured Lenders.

8. The Replacement Liens will not apply to any reduction in collateral value caused from the payment of an expense that is later surcharged against the Alleged Secured Lenders' collateral based on section 506(c) of the Bankruptcy Code.

9. Subject to the limiting conditions on the Replacement Liens, the Replacement Liens will be binding upon any subsequently appointed chapter 7 or 11 trustee.

10. To the extent they are requested to do so, the Debtor will provide the Alleged Secured Lenders with weekly cash flow reports and monthly operating reports.

11. The use of any Cash Collateral may be terminated by the Court, on motion, after notice and hearing, if the Court determines the Alleged Secured Lenders are no longer adequately protected.

12. Debtor will make adequate protection payments to Metro Bank in an amount of two-thousand-five-hundred dollars ($2500.00) per week, payable on the Tuesday of each week by wire transfer.

# # #

DATED: October 7, 2009

_____
United States Bankruptcy Judge

4
FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

**NOTE OF USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*) <u>FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL</u> was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

                                                            \_\_\_ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

                                                          <u>xx</u> Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

                                                          <u>xx</u> Service information continued on attached page

**SERVICE LIST**

Debtor:
Table 8 LLC d/b/a 8 oz Burger Bar
7661-7663 Melrose Avenue
Los Angeles, CA 90046


John C Leininger
Bryan Cave LLP
2200 Ross Avenue Suite 3300
Dallas, TX 75201

Eric S. Prezant
Bryan Cave LLP
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601

Office of the United States Trustee (LA)
725 South Figueroa Street Suite 2600
Los Angeles, CA 90017

| In re:<br>Table 8, LLC dba 8 oz Burger Bar<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 09-32934-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401.

A true and correct copy of the foregoing document described **FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 8, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

NOT APPLICABLE TO PROPOSED ORDERS.

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On OCTOBER 2, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
United States Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1660
LA, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
\_\_\_, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 2, 2009 | Alexa Kim | */s/ Alexa Kim* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

753526.1               1

| In re:<br>Table 8, LLC dba 8 oz Burger Bar | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 09-32934-BR |

## SERVICE LIST

| **SERVED BY U.S. MAIL** | |
|---|---|
| **U.S. Trustee**<br><br>Office of the U.S. Trustee (LA)<br>725 S Figueroa St, 26th Floor<br>Los Angeles, CA 90017 | |
| **Attorneys for Metro United Bank:**<br><br>Jeffrey W. Shields<br>Shields Law Offices<br>1920 Main Street, Suite 1080<br>Irvine, CA 92614 USA<br>Tel. 949/724-7900<br>Fax 949/724-7905<br>e-mail jeff@shieldslawoffices.com | |

753526.1

2